**David P. HOLLAND, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

No. 03–3041.

United States Court of Appeals, Federal Circuit.

DECIDED: Oct. 13, 2004.

Before RADER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and BRYSON, Circuit Judge.

RADER, Circuit Judge.

The Merit Systems Protection Board (Board) determined that Mr. David P. Holland is not entitled to make payments into the Federal Employee Retirement System (FERS) to recover his eligibility to receive a deferred retirement annuity. *Holland v. FDIC*, No. DA–0752–02–0128–I–1 (M.S.P.B. Sept. 17, 2002) (Final Order). Thus, the Board denied Mr. Holland back pay and prospective retirement annuities. Because the Board committed no legal error, this court *affirms* its decision.

## BACKGROUND

Mr. Holland began work for the Federal Deposit Insurance Company (FDIC) on January 20, 1987, in Tulsa, Oklahoma. On July 26, 1992, Mr. Holland was reassigned to the Oklahoma City office. Less than one year later, FDIC decided to close the Oklahoma City office and offered Mr. Holland a reassignment to Dallas or another FDIC Legal Division Office. On June 9, 1993, Mr. Holland inquired to the Office of Personnel Management (OPM) about his decision to relocate, asking in relevant part:

As you know, on October 31, of this year the Oklahoma City Consolidated Office will close. As a GG employee I will have the opportunity to relocate. However, before making a decision, I need to know the following:

1) On October 12, 1993, I will be 55 years old but with only 6 years and 10 months of service. Would I be eligible for some form of early retirement. [sic] If so, aprox. how much per month would I be paid. [sic] Also, would I be eligible for health insurance coverage and, if so, at what cost to me per month. . . .

On June 10, 1993, Katherine L. Fenner, a personnel specialist of OPM, responded to Mr. Holland indicating that as of October 15, 1993, he would:

have 3 yrs., 4 mos., and 14 days of creditable civilian service under the Federal Employees Retirement System [and] 1 yr., 11 mos., and 11 days of civilian federal service [for which] a deposit is required in order for this service to be used as creditable toward retirement. . . . Your total creditable civilian service is 5 yrs., 3 mos., and 25 days as of 10–31–93. Therefore, you are ineligible for any retirement under the FERS retirement system [sic], except for disability retirement.

(Minor changes made in punctuation).

Mr. Holland resigned from FDIC on October 31, 1993, upon the closure of the Oklahoma City Office. At some point after his resignation and through discussions with employees of OPM, Mr. Holland discovered that a deferred annuity beginning at age sixty-two would have been available to him for his five years, three months, and twenty-five days of creditable service if he had made an appropriate deposit for the one year, eleven months, and eleven days of his civilian federal service.

Beginning in 2000, Mr. Holland applied to OPM to allow him to make the required

deposit to recapture his eligibility for the deferred annuity. OPM rejected his application because 5 C.F.R. § 842.305 precludes Mr. Holland from making contributions to the FERS because he was not an employee or eligible for FERS benefits at the time he filed his application. Following OPM's decision, Mr. Holland appealed the denial to the Board.

The Board upheld OPM's decision, relying on *Office of Personnel Management v. Richmond,* 496 U.S. 414, 110 S.Ct. 2465, 110 L.Ed.2d 387 (1990). *Holland v. FDIC,* No. DA–0752–02–0128–I–1 (M.S.P.B. Feb. 28, 2002) (Initial Decision). The Board cited *Richmond* for its holding that "[g]overnment monetary benefits not permitted by law cannot be awarded even when the denial of benefits occurred because of the claimant's reliance on the mistaken advice of a government official." *Id.* (citing *Richmond,* 496 U.S. at 423). The Board upheld OPM's finding that "[Mr. Holland] is not presently entitled to make a deposit of retirement deductions nor was he entitled to make a deposit at any time following his separation on October 31, 1993."

The Board's determination was made final on September 17, 2002. Mr. Holland timely appealed to this court. This court has jurisdiction under 28 U.S.C. § 1295(a)(9) (2004).

## DISCUSSION

By statute, our review of a final decision from the Board is limited. A Board decision may not be set aside unless it is: (1) arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedure required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2004).

Mr. Holland's arguments on appeal generally fall within the following two categories: (1) Mr. Holland disputes the Board's interpretation of the relevant rules and regulations; and (2) Mr. Holland asserts that principles of equity bar the Government from arguing that he failed to comply with the pertinent statutory requirements for making deposits into FERS.

First, an agency's interpretation of its own regulations receives substantial deference. This court will apply the agency's interpretation unless it is plainly erroneous or inconsistent with the regulation. *Auer v. Robbins,* 519 U.S. 452, 461–62, 117 S.Ct. 905, 137 L.Ed.2d 79 (1997). 5 C.F.R. § 842.305 governs who may make deposits into FERS, and provides in relevant part: "Eligibility—current and former employees or members. An employee or Member subject to FERS and a former employee or Member who is entitled to an annuity may make a deposit for civilian service . . . ." 5 C.F.R. § 842.305(a).

Additionally, OPM's FERS Handbook indicates: "Since service is not creditable under FERS unless it is paid for, a former employee must have five years of paid service at the time of separation to have title to a deferred annuity. A deposit payment to obtain title at the time of application is not permitted." Thus, because Mr. Holland was neither an employee nor a former employee entitled to an annuity *at the time* of application to make a deposit, OPM correctly rejected Mr. Holland's application to make a deposit. OPM's reliance on 5 C.F.R. § 842.305 to make the rejection is based on a reasonable interpretation of the regulation. Accordingly, this court discerns no legal error in the agency's interpretation or application of the regulation.

Mr. Holland also argues that the misleading information provided to him by Ms. Fenner regarding his retirement options should equitably estop the Government from arguing that he failed to make a timely deposit to FERS. Mr. Holland argues that despite *Richmond,* he should

not be denied an annuity for which he qualified at the time because he followed misleading advice given to him by the Government. Supreme Court precedent binds this court. *Williams v. United States,* 240 F.3d 1019, 1030 (Fed.Cir.2001). The Supreme Court precludes using equitable estoppel against the Government even in light of "erroneous oral and written advice given by a Government employee to a benefit claimant." *Richmond,* 496 U.S. at 415–16.

This court has applied this principle often in cases such as this where a claimant loses eligibility because of incorrect or misleading advice from Government employees. *See, e.g., Koyen v. OPM,* 973 F.2d 919 (Fed.Cir.1992). As this court held in *Koyen,* "despite the equities alleged in this case, we are bound by the dictates of *Richmond.* If remedy there is to be, it lies with Congress." *Id.* at 922.

Because Mr. Holland was not statutorily eligible to make a deposit in FERS at the time of his application to make the deposit, the Board's decision is affirmed.