# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JOHN CHARLES CLEARY,<br>               Appellant, | DOCKET NUMBER<br>NY-0842-21-0134-I-1 |
| v. | |
| OFFICE OF PERSONNEL<br>   MANAGEMENT,<br>               Agency. | DATE: April 11, 2024 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>John Charles Cleary</u>, Ridgewood, New Jersey, pro se.

<u>Jane Bancroft</u>, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision of the Office of Personnel Management (OPM) denying the appellant's application for a Federal Employees' Retirement System (FERS) deferred retirement annuity. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to address the appellant's argument that OPM should have accepted his application for a service credit payment to allow him to secure entitlement to an annuity under FERS and his contention that his unused sick leave at separation should have been applied toward his eligibility for an annuity, we AFFIRM the initial decision.

## BACKGROUND

The material facts in this case are not in dispute. Initial Appeal File (IAF), Tab 9 at 4; Petition for Review (PFR) File, Tab 1 at 4-6. The appellant worked as an Assistant United States Attorney with the Department of Justice under a temporary appointment from September 30 to December 14, 1987. IAF, Tab 4 at 17, 27, 33-34. The appellant was not subject to—covered under—any retirement system during his temporary appointment. *Id.* Effective December 15, 1987, the appellant's position became permanent, and he became subject to FERS. *Id.* The appellant resigned effective October 20, 1992, to return to private practice, with 4 years, 10 months, and 6 days of creditable FERS service. *Id.* at 21, 24, 34. While he was employed, the appellant did not seek to make a

deposit to obtain FERS credit for his prior temporary Federal service that had not been subject to retirement deductions. *Id.* at 7, 15.

Upon reaching 62 years of age, the appellant filed an application for a FERS deferred annuity. *Id.* at 27-29. OPM issued an initial decision denying the appellant's application because there were no FERS deductions made from his temporary service from September 30 to December 14, 1987, and, thus, he only had 4 years, 10 months, and 6 days of the statutorily required 5 years of FERS creditable service to be entitled to a FERS retirement annuity. *Id.* at 24-25. The appellant requested reconsideration, asserting that he planned his resignation from Federal service with the belief that he had the requisite 5 years of service at the time of his resignation and, thus, should qualify for a waiver or exemption based on his reliance on this belief. *Id.* at 14-15. He also questioned whether his 516 hours of unused sick leave could be counted as creditable service. *Id.* at 14, 16. He requested, in the alternative, permission to make the necessary deposit to obtain service credit for his temporary service, and he completed OPM Standard Form 3108, Application to Make Service Credit Payment. *Id.* at 15, 17. OPM issued a reconsideration decision explaining that it had no administrative discretion in the matter, and the appellant filed a timely initial appeal to the Board. IAF, Tab 1 at 5-6, 8-10.

The appellant withdrew his request for a hearing because there was no factual dispute. IAF, Tab 9 at 4. The administrative judge issued an initial decision determining that the appellant's temporary service was not deemed creditable for purposes of entitlement to a deferred annuity and affirming OPM's decision. IAF, Tab 14, Initial Decision (ID) at 3-4.

The appellant has filed a timely petition for review, and OPM has filed a timely response in opposition, dated June 21, 2022.[2] PFR File, Tabs 1, 4.

---

[2] On September 9, 2022, after the record on review closed, the appellant filed a motion to submit an additional pleading or, in the alternative, for an extension of time to file a reply to OPM's response to his petition for review. PFR File, Tabs 4, 6; *see* 5 C.F.R. § 1201.114(e). The appellant argues that his motion should be granted because "the

**DISCUSSION OF ARGUMENTS ON REVIEW**

<u>The administrative judge correctly found that the appellant is not entitled to a deferred retirement annuity.</u>

An employee must complete at least 5 years of civilian service creditable under 5 U.S.C. § 8411 to be eligible for an annuity under FERS, including a deferred annuity. 5 U.S.C. §§ 8410, 8413(a); 5 C.F.R. § 842.212(a). Creditable service under 5 U.S.C. § 8411 is "service with respect to which deductions and withholdings under [FERS] have been made." 5 U.S.C. § 8411(b)(2); 5 C.F.R. § 842.103(c). OPM records reflect that the appellant's temporary appointment from September 30 to December 14, 1987, was excluded from FERS. IAF, Tab 4 at 33-34; *see generally* 5 U.S.C. § 8402(c)(1); 5 C.F.R. § 842.105(a)(1) (permitting OPM to exclude temporary appointments from FERS deductions/coverage). The administrative judge did not err in finding that the appellant's temporary service is not deemed creditable for purposes of entitlement

---

U.S. Supreme Court and other [F]ederal courts, in the period June 30, 2022 to date, have strengthened and reinforced the fundamental administrative law principles invoked in [his] Petition." PFR File, Tab 6 at 4. Once the record closes on review, no additional evidence or argument will be accepted unless it is new and material and was not readily available before the record closed. *Maloney v. Executive Office of the President*, 2022 MSPB 26, ¶ 4 n.4; 5 C.F.R. § 1201.114(k). Contrary to the appellant's vague assertion of a change in law sometime between June 30, 2022, and the time of his motion on September 9, 2022, we can locate no case law that would further his legal argument in this case. Therefore, we deny the appellant's motion to submit an additional pleading. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (finding that the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision); *see also* 5 C.F.R. § 1201.114(a)(5).

to a deferred annuity, and the appellant does not contest this issue.[3]  ID at 3; PFR File, Tab 1.

<u>The appellant is not permitted to make a service credit payment to secure entitlement to an annuity under FERS.</u>

The appellant argues that he could obtain 5 years of creditable service and secure entitlement to an annuity under FERS by making a service credit payment. IAF, Tab 11 at 5-7; PFR File, Tab 1 at 5.  OPM's regulation at 5 C.F.R. § 842.305(a) allows for an employee subject to FERS or a former employee who is entitled to an annuity to make a deposit for civilian service that was performed before 1989 and would have been creditable under the Civil Service Retirement System if the employee had been subject to that chapter.  *See* 5 C.F.R. § 842.305(a); 5 C.F.R. § 842.304(a)(2); *see also* 5 U.S.C. § 8411(b)(3).  OPM rejected the appellant's application to make a service credit deposit for the period of his temporary appointment because he was not a current employee or former

---

[3] As to the appellant's argument that his unused sick leave should have been credited toward eligibility for a deferred annuity, in its final decision OPM stated that "[a]ccrued and unused sick leave to an employee's credit at date of separation is not creditable for eligibility or computation purposes in a deferred retirement."  IAF, Tab 4 at 11.  The appellant asserted below that OPM had failed to provide any legal authority for this conclusion, IAF, Tab 1 at 5, but the initial decision did not address this issue, ID. Although the appellant does not raise this argument in his petition for review, we note that OPM was correct that the appellant's unused sick leave is not creditable toward eligibility for a deferred annuity under FERS.  At the time of the appellant's separation, there was no provision in FERS that would allow the use of accrued sick leave to meet eligibility requirements for a deferred annuity.  *See* Federal Employees' Retirement System Act of 1986, Pub. L. No. 99-335, 100 Stat. 514, as amended by Pub. L. No. 99-556, 100 Stat. 3131 (1986); *see also Asprin v. Office of Personnel Management*, 53 M.S.P.R. 320, 323 (1992) (holding that the law in effect at the time the employee separated from Federal service must be applied in determining eligibility for a deferred annuity).  The National Defense Authorization Act for Fiscal Year 2010, Pub. L. No. 111-84, 123 Stat. 2615, enacted on October 28, 2009, provided FERS annuitants with service credit for a percentage of their unused sick leave from the date of enactment of the law.  However, the provision applies only to employees who retire on an immediate annuity, and it is explicitly inapplicable "in determining . . . annuity eligibility." 5 U.S.C. § 8415(m)(2)(A).  Thus, even if we applied the law in effect at the time the appellant filed his application for a deferred annuity, his unused sick leave at separation would not be creditable toward his eligibility for a deferred annuity.

employee entitled to an annuity at the time of his application to complete the deposit. IAF, Tab 4 at 7-8, 17-20; *see* 5 C.F.R. § 842.305(a). The appellant has challenged OPM's interpretation of 5 C.F.R. § 842.305(a) and argues that there is no mandate in OPM's regulations that a deposit be made while an individual is still employed by the Federal Government. IAF, Tab 11 at 5-7; PFR File, Tab 1 at 5.

The U.S. Court of Appeals for the Federal Circuit has addressed this issue in its nonprecedential decision in *Holland v. Office of Personnel Management*, 113 F. App'x 384 (Fed. Cir. 2004).[4] First, the court explained that an agency's interpretation of its own regulations receives substantial deference and will be applied by the court unless plainly erroneous or inconsistent with the regulation. *See Holland*, 113 F. App'x at 386 (citing *Auer v. Robbins*, 519 U.S. 452, 461-62 (1997), *superseded in part on other grounds by regulation as stated in Crowe v. Examworks, Inc.*, 136 F. Supp. 3d 16, 28 n.8 (D. Mass. 2015)). The court looked at OPM's publications at the time and concluded that OPM's interpretation, which is consistent with its position in the present case, was based on a reasonable interpretation of the regulation at 5 C.F.R. § 842.305(a). *Id.* at 386-87; IAF, Tab 4 at 7-8, Tab 11 at 5-6; PFR File, Tab 4 at 4-5.

We, too, have reviewed OPM guidance to determine its current interpretation of its regulation. OPM advises individuals who wish to make service credit payments that they "must begin the application process as an employee." *Retirement Services, FERS Information, Creditable Service*, https://www.opm.gov/retirement-center/fers-information/creditable-service/ (last visited Apr. 10, 2024). Furthermore, OPM's sheet titled "Information About Service Credit Payments" states the following:

---

[4] The Board may rely on a nonprecedential decision of the Federal Circuit when, as here, it finds its reasoning persuasive. *Encarnado v. Office of Personnel Management*, 116 M.S.P.R. 301, ¶ 12 n.6 (2011).

> Payment for civilian service can be made by . . . You, after you leave the Federal government, provided you are eligible for a deferred annuity because you have at least five years of paid civilian service when you leave. If you are not eligible for a deferred annuity, but you have at least 5 years of combined paid and unpaid civilian service, you may pay a deposit for the unpaid service *provided you apply before leaving FERS covered service*.

IAF, Tab 4 at 20 (emphasis added).

Thus, OPM's public interpretation of its regulation is entirely consistent with its position in this case; the appellant may not make a payment for civilian service because he did not have 5 years of paid civilian service at the time of his separation from Federal service. *Id.* at 5-6, 20. We agree with the Federal Circuit in *Holland* that this interpretation is consistent with the plain language of the regulation allowing a payment by a "former employee or Member[5] who is entitled to an annuity." 5 C.F.R. § 842.305(a). Accordingly, the appellant is not entitled to an annuity because he does not have 5 years of creditable service, i.e., "service with respect to which deductions and withholdings under [FERS] have been made." 5 U.S.C. §§ 8410, 8411(b)(2), 8413(a); 5 C.F.R. §§ 842.103(c), 842.212(a).

Therefore, the initial decision, as modified by this Final Order, is affirmed.

## NOTICE OF APPEAL RIGHTS[6]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not

---

[5] Member means Member of Congress. *See* 5 U.S.C. § 2106; 5 C.F.R. § 842.102.

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at

http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3)** <u>**Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**</u>.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of

competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                        _Gina K. Grippando_
                                       _____
                                       Gina K. Grippando
                                       Clerk of the Board

Washington, D.C.